**RAPA et, Plaintiffs-Appellants, v. HAINES Aud. et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2172. Decided April 3, 1952.

Sam Levin, Dayton, for plaintiffs-appellants

Mathias H. Heck, County Pros.. Peirce Wood, Special Asst. Pros., Dayton, for defendants-appellees.

**OPINION**

By THE COURT:

This is a law appeal from the judgment of the Common Pleas Court holding that §6292-2 GC is a valid legislative enactment and denying the appellants an injunction against its enforcement by the proper public officials. This section

of the Code provides that an annual tax of $18.00 per year is levied upon house trailers for the purpose of supplementing the general revenue funds of the local subdivision in which the trailer is located when it becomes due; that it shall become due and payable immediately upon the occupancy for human habitation of such house trailer, with certain exceptions.

The case was submitted on an agreed statement of facts which are fully set forth in the opinion of the trial court and will not be restated. From these facts it appears that the plaintiffs own and dwell in a trailer in Montgomery County and that the tax levied is not assessed according to the value of the trailer but that it is a specific tax. The trial court held that it was an excise tax "for the use of trailers for human occupancy and as an excise tax it is not in contravention of any constitutional guaranty, state or federal." The Court was of the opinion that the statute under consideration was enacted under the legislative power conferred by **Section 1. Article II of the Constitution** and that **Section 2, Article XII** does not impose a limitation on this power when the tax imposed is an excise tax.

One of the principal questions presented is the nature of the tax imposed under the act. Is it a real property tax or is it a tax for the enjoyment of a privilege, to-wit: the right to use a house trailer as a place for human occupancy? If it is the latter the case comes within the legal principles pronounced in the case of Saviers v. Smith, 101 Oh St. 132, syllabus 4 of which provides:

"An excise is a tax imposed on the performance of an act, the engaging in an occupation or the enjoyment of a privilege, and by the provisions of **Section 10, Article XII of the Constitution,** specific authority has been conferred for the levying of such a tax."

We think the Court was correct in its classification of the tax.

It is also urged by the appellants that the penalty is excessive which constitutes a further reason for declaring the act unconstitutional. The Court refused to make such a finding and we are in accord with the same. Judge Mills wrote a lengthy opinion which we think amply supports his legal conclusions upon all of the issues presented and questions raised. Further authorities do not appear to be necessary.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.